UNITED STATES DISTRICT COURT
SOUTHERN DISTICT OF NEW YORK
-----------------------------------------------------------------X

JOHN MEADOR,

                                   Plaintiff,

-against-

THE CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, POLICE COMMISSIONER
BILL BRATTON, and NYPD OFFICER BRANDON
GEMBECKI, POLICE OFFICER JOSE SANTIAGO,
POLICE OFFICER ADAM LANDESBERG,

                                   Defendants.
-----------------------------------------------------------------X

Plaintiff requests a trial by jury

**AMENDED COMPLAINT**

Plaintiff, JOHN MEADOR, as and for his Amended Complaint, by his attorney, KUBICK & ASSOCIATES, P.C., respectfully alleges, upon information and belief, as follows:

## JURISDICTION

1. That Jurisdiction is founded upon the existence of Federal Question.

2. That this is an action to redress the deprivation under color of statute, ordinance, regulation, custom or usage of a right, privilege and immunity secured to plaintiff by the First and Fourteenth Amendments to the Constitution of the United States (42 U.S.C. sec. 1983) and arising under the law and statutes of the State of New York.

3. Jurisdiction is founded upon U.S.C. secs. 1331 and 1334(3) and (4), this being an action authorized by law to redress the deprivation under color of law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to plaintiff by the First and Fourteenth Amendments to the Constitution of the United States.

4. The matter in controversy exceeds, exclusive of interest and costs, the sum or value of TEN MILLION ($10,000,000.00) DOLLARS.

## PARTIES

5. That the plaintiff is a Citizen of the United States and resident of the County of Bronx, City and State of New York.

6. That the defendant, The City of New York, was and still is a municipal corporation duly organized and existing under the Laws of the State of New York.

7. Upon information and belief, that at all times hereinafter mentioned, the defendants, their agents, servants, and employees operated, maintained and controlled the Police Department of the City of New York, a Department thereof, including all the police personnel thereof.

8. Upon information and belief, that at all times hereinafter mentioned, and prior, on and subsequent and continuing on or about August 17, 2016, Police Officer Brandon Gembecki, Police Officer Jose Santiago, Police Officer Adam Landesberg, were employed by The City of New York, as a police officer, detective, sergeant, lieutenant, captain and/or other ranks.

9. Upon information and belief, that at all times hereinafter mentioned, defendant Bill Bratton, Commissioner of the Police Department of the City of New York was acting as Police Commissioner of The City of New York, and an employee of the City of New York.

10. Upon information and belief, that at all times hereinafter mentioned, the defendant Bill Bratton, Commissioner of the Police Department of the City of New York was hired by The City of New York as Police Commissioner of the Police Department of The City of New York and designated as head of the police officers for the City of New York.

11. This action arises under the United States Constitution, particularly under provisions of the Fourth and Fourteenth Amendments to the Constitution of the United States and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code, Section 1983 and the rights under the Constitution and laws of the State of New York.

12. Each and all of the acts of the defendants alleged herein were done by the defendants, their agents, servants and employees, and each of them, not as individuals, but under the color and

pretense of the statutes, ordinances, regulations, customs and usages of the State of New York, the City of New York and the County of New York, and under the authority of their office as police officers of said state, city and county.

## FACTUAL BACKGROUND

13. On or about August 17, 2016, at approximately 3:00 p.m., three police officers knocked on plaintiff's door, and improperly, and without basis, entered plaintiff's apartment, without his consent nor any search warrant, or other basis for entering same, located at 2406 University Avenue, Apartment 3EW, Bronx, New York, 10468.

14. Upon information and belief, that at all times hereinafter mentioned, said defendants detained and imprisoned the plaintiff, and seized plaintiff's property, including one broken plastic air gun, and one toy cap gun.

15. Upon information and belief, that at all times hereinafter mentioned, upon opening the door for said police officers, said officers requested to enter the premises, at which point the plaintiff requested to see a search warrant, was told defendants were not in possession of same, were denied by plaintiff said officers' entry into the premises.

16. Upon information and belief, that at all times hereinafter mentioned, upon denying said officers' entry into plaintiff's apartment, said officers put their hands on their guns and entered plaintiff's premises without consent, and still without any basis for any of the foregoing.

17. Upon information and belief, that at all times hereinafter mentioned, Plaintiff was improperly detained and confined within one room in the apartment while one of the above-mentioned police officers entered a rear room and searched the premises.

18. Upon information and belief, that at all times hereinafter mentioned, at the conclusion of the illegal search, said officers found and seized a broken plastic air gun and a toy cap gun.

19. Upon information and belief, that at all times hereinafter mentioned, plaintiff requested a

voucher for said seized property and said officers refused, and left the premises.

20. Upon information and belief, plaintiff arrived at the 52nd Precinct on August 18, 2016 to retrieve his illegally seized property, and was informed that there was no record of said property taken from plaintiff. Plaintiff subsequently filed a complaint with the Civilian Complaint Review Board on August 23, 2016 in another attempt to retrieve the property illegally seized from his home. Same, too, failed to elicit a return thereof.

## AS AND FOR A FIRST CAUSE OF ACTION
## ON BEHLAF OF PLAINTIFF

21. That plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked "1" through "20" with the same force and effect as if more fully set forth herein.

22. That on or about August 17, 2016 at approximately 3:00 pm Police Officers Brandon Gembecki, Police Officer Jose Santiago, Police Officer Adam Landesberg did improperly enter the premises of, detain and imprison the plaintiff, and seize plaintiff's property, at or about 2406 University Avenue, Apartment 3EW, Bronx, New York.

23. That the said false arrest and imprisonment was caused by the defendants, their agents, servants and employees, without any warrant or other legal process and without authority of the law and without any reasonable cause or belief that the plaintiff was in fact guilty of such crimes.

24. That the defendants, their agents, servants and employees acting within the scope of their employment, detained and imprisoned the plaintiff even though the defendants, their agents, servants and employees, had the opportunity to know or should have known, that the matters hereinbefore alleged, wrongfully, unlawfully and without a sufficient charge having been made against the plaintiff, directed that the plaintiff be searched and placed in confinement at

said location.

25. That the plaintiff was wholly innocent of said criminal charges and did not contribute in any way to the conduct of the defendants, their agents, servants and employees and was forced by the defendants to submit to the aforesaid arrest and imprisonment thereto entirely against his will.

26. That as a result of the aforesaid accusations made by the defendants, their agents, servants and employees acting under their employment and within the scope of their authority, made falsely, publicly, wickedly and maliciously, the plaintiff was subjected to an unreasonable and illegal search of his premises.

27. That the defendants, their agents, servants and employees, as set forth aforesaid on the aforementioned date, time and place, intended to confine the plaintiff; in that the plaintiff was conscious of the confinement; plaintiff did not consent to the confinement; and that the confinement was not otherwise privileged.

28. That by reason of the false arrest, imprisonment and detention of the plaintiff and seizure of plaintiff's property, plaintiff was subjected to great indignities, humiliation and ridicule in being so detained, charged and prosecuted with various crimes, and greatly injured in his credit and circumstances and was then and there prevented and hindered from performing and transacting his necessary affairs and business, and he was caused to suffer much pain in both mind and body, the loss of employment opportunities.

29. That by reason of the foregoing, plaintiff has been damaged in the sum of TEN MILLION ($10,000,000.00) DOLLARS.

## AS AND FOR A SECOND CAUSE OF ACION
## ON BEHALF OF PLAINTIFF

30. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs

"1" through "30" with the same force and effect as if more fully set forth herein.

31. That the defendants, their agents, servants and employees subjected the plaintiff to an unreasonable and illegal search of his premises without any warrant or other legal process and without authority of the law and without any reasonable cause or belief that the plaintiff was in fact guilty of any crimes.

32. That the defendants, their agents, servants and employees illegally seized and continue to detain plaintiff's property without his consent.

33. That by reason of the unreasonable and illegal search and seizure of plaintiff's property, plaintiff was subjected to great indignities, humiliation and ridicule in being so detained, charged and prosecuted with various crimes, and greatly injured in his credit and circumstances and was then and there prevented and hindered from performing and transacting his necessary affairs and business, and he was caused to suffer much pain in both mind and body, the loss of employment opportunities.

34. That by reason of the foregoing, plaintiff has been damaged in the sum of TEN MILLION ($10,000,000.00) DOLLARS.

## AS AND FOR A THIRD CAUSE OF ACION
## ON BEHALF OF PLAINTIFF

35. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "35" with the same force and effect as if more fully set forth herein.

36. That the defendants, their agents, servants and employees negligently, carelessly and recklessly failed to properly train and supervise their employees and affiliates.

37. That by reason of the aforesaid, plaintiff suffered the above-referenced damages.

38. That by reason of the aforesaid, plaintiff has been damaged in the sum of TEN MILLION ($10,000,000.00) DOLLARS.

## AS AND FOR A FOURTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF

39. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "38" with the same force and effect as if more fully set forth herein.

40. That the defendants, their agents, servants and employees negligently, carelessly and recklessly failed to properly train and supervise their employees and affiliates.

41. That the defendant, commissioner, created and/or allowed the continuation of a policy or custom under which unconstitutional practices occurred.

42. That the defendant, commissioner, acted with gross negligence in supervising subordinates who committed the above mentioned wrongful acts.

43. That the aforesaid occurrence transpired as a result of said negligence of the defendants, without any negligence on the part of plaintiff.

44. That by reason of the aforesaid, plaintiff suffered the above-referenced damages.

45. That by reason of the aforesaid, plaintiff has been damaged in the sum of TEN MILLION ($10,000,000.00) DOLLARS.

## AS AND FOR A FIFTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF

46. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "45" with the same force and effect as if more fully set forth herein.

47. That Defendants, and or either of them, permitted widespread abuse, and widespread policies or practices to be maintained with deliberate indifference to constitutional rights, causing constitutional violations on plaintiffs' rights.

48. That the aforesaid occurrence transpired as a result of said negligence of the defendants, without any negligence on the part of plaintiff.

49. That by reason of the aforesaid, plaintiff suffered the above-referenced damages.

50. That by reason of the aforesaid, plaintiff has been damaged in the sum of TEN MILLION ($10,000,000.00) DOLLARS.

## AS AND FOR A SIXTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF

51. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "50" with the same force and effect as if more fully set forth herein.

52. That the defendants, their agents, servants and employees were negligent in their performance of their duties, including in their police duties and administrative duties.

53. That the aforesaid occurrence transpired as a result of said negligence of the defendants, without any negligence on behalf of the plaintiff.

54. That by reason of the aforesaid, plaintiff suffered the above-referenced damages.

55. That by reason of the aforesaid plaintiff has been damaged in the sum of TEN MILLION ($10,000,000.00) DOLLARS.

## AS AND FOR A SEVENTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF

56. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "55" with the same force and effect as if more fully set forth herein.

57. That the defendants, their agents, servants and employees falsely arrested and imprisoned the plaintiff, and caused same, illegally seized plaintiff's property, and deprived plaintiff of his rights and liberties as set forth in the Constitution of the United States and of the State of New York, detained him and threatened him with the possible use of firearms and the use of physical force, improperly seized plaintiff's property, falsely imprisoned plaintiff without his consent without privileged, arrested and imprisoned plaintiff without probable cause, falsely charges plaintiff with crimes known to be false, assaulted and battered plaintiff, failed to properly supervise, train, retain, hire their agents, servants and

employees, despite the foregoing causing a clear and present danger to the citizens of the City and State of New York, prosecuting plaintiff without probable cause with eventual termination favorable to plaintiff, not as individuals, but under color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York, the City of New York, and under authority of their office as police officers for said entity.

58. Plaintiff did not commit any illegal act, either or at the time he was falsely detained, arrested and imprisoned, and deprived of his constitutional rights as set forth in the Constitution of the United States, particularly 42 U.S.C. Sec.1983 and the Constitution of the State of New York.

59. The defendants, and other persons unknown to plaintiff, acting under color of law, have subjected plaintiff and other persons to a pattern of conduct consisting of illegal seizure, harassment, assault and battery, false imprisonment and arrests and malicious prosecution of persons, in the City and State of New York, in denial of rights, privileges and immunities guaranteed plaintiff and other citizens by the Constitutions of the United States.

60. This systematic pattern of conduct consists of a large number of individual acts of violence, intimidation, false arrest and false imprisonment and malicious prosecution upon plaintiff and other citizens by members of the police department of the defendant, City Of New York, acting in concert with persons unknown to plaintiff and under color of law, are illegal, improper and unrelated to proper activities of police officers.

61. Although the defendants, knew or should have known, of the aforesaid pattern of conduct, the defendant, The City of New York, failed to take any steps to redress or halt same.

62. The rights of the plaintiff under the Constitutions of the United States and State of New York have been violated, including those arising from the Fourth, Sixth and Fourteenth Amendments to the Constitution of the United States of America.

63. That by reason of the aforesaid, plaintiff has been damaged and requests compensatory damages of TEN MILLION ($10,000,000.00) DOLLARS, and punitive damages of TEN MILLION ($10,000,000.00) DOLLARS.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF

64. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "63" with the same force and effect as if more fully set forth herein.

65. That by reason of the aforesaid, plaintiff demands punitive damages in the amount of TEN MILLION ($10,000,000.00) DOLLARS.

**WHEREFORE**, the plaintiff demands judgment against the defendants in the sum of TEN MILLION DOLLARS on each of the causes of action; TEN MILLION DOLLARS in compensatory damages and TEN MILLION DOLLARS in punitive damages.

Dated: New York, NY
October 5, 2017

    KUBICK & ASSOCIATES, P.C.
    32 Broadway, Suite 1514
    NY, NY 10004
    212.684.7541

## ATTORNEY VERIFICATION

The undersigned, RICHARD KUBICK, an attorney duly admitted to practice in the Courts of the State of New York affirms: that the undersigned is the attorney for the plaintiff in the within action; that the undersigned has read the foregoing **AMENDED VERIFIED COMPLAINT** and knows the contents thereof; that the same is true to his knowledge, except as to those matters therein stated upon information and belief, and that as to those matters, he believes them to be true. The undersigned further says that the reason this affirmation is made by the undersigned, and not by the Plaintiff is that the undersigned's offices are located in a County other than where Plaintiff resides.

The undersigned affirms that the foregoing statements are true, under the penalties of perjury.

Dated: New York, New York
       October 5, 2017

_____
RICHARD KUBICK